| | | |
|---|---|---|
| UNITED STATES ex rel. ANNE A. SEARS | ) ) ) | |
| v. | ) ) | |
| SUPERINTENDENT TOM HORNE, Arizona Department of Education; SUPERINTENDENT LARRY WALLEN, Pinon Unified School System; BOARD MEMBERS PINION UNIFIED SCHOOL SYSTEM; COMMISSIONER TIM WEBB; NASHVILLE METRO SCHOOLS GEORGE H. THOMPSON III, JO ANN BRANNON, MARK NORTH, STEVE GLOVER, GRACIE PORTER, KAREN Y. JOHNSON, EDWARD T. KINDALL, DAVID A. FOX, and MARSHA WARDEN | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3-08-0338 |
| and | ) ) | |
| ANNE ALEXANDRA SEARS | ) ) | |
| v. | ) ) | |
| ACTING GENERAL SERVICES ADMINISTRATION ADMINISTRATOR PAUL F. PROUTY; ACTING DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT KATHIE A. WHIPPLE; DEPARTMENT OF THE TREASURY SECRETARY TIMOTHY GEITHNER; INTERNAL REVENUE SERVICE COMMISSIONER DOUGLAS SHULMAN; DEPARTMENT OF COMMERCE ACTING SECRETARY OTTO WOLFF; ACTING UNDER SECRETARY FOR INTELLECTUAL PROPERTY and DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO) JOHN J. DOLL; EQUAL EMPLOYMENT OPPORTUNITY COMMISSION CARLTRON M. HADDEN, Director of Federal Operations; MERIT SYSTEMS PROTECTION BOARD MEMBERS NEIL ANTHONY GORDON MCPHIE, MARY M. ROSE, BARBARA J. SPAIN; DEPARTMENT OF HOMELAND | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| SECURITY SECRETARY JANET NATOLITAN0; D.N. ESPOSITO, PAULINE A. BERGERON, Director; U.S. DEPARTMENT OF JUSTICE ATTORNEY GENERAL ERIC HOLDER; SUPERINTENDENT TOM HORNE, Arizona Department of Education; SUPERINTENDENT LARRY WALLEN, Pinion Unified School System; BOARD MEMBERS PINION UNIFIED SCHOOLS SYSTEM; COMMISSIONER TIM WEBB; NASHVILLE METRO SCHOOLS GEORGE H. THOMPSON III, JO ANN BRANNON, MARK NORTH, STEVE GLOVER, GRACIE PORTER, KAREN Y. JOHNSON, EDWARD T. KINDALL, DAVID A. FOX, and MARSHA WARDEN | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

TO:   Honorable Todd J. Campbell, Chief District Judge

**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered April 7, 2008 (Docket Entry No. 7), this action was referred to the Magistrate Judge for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court are the motion to dismiss (Docket Entry No. 13) of the federal defendants and the plaintiff's motion for partial summary judgment (Docket Entry No. 30). Set out below is the Court's recommendation for disposition of the two motions.[1]

**I. BACKGROUND**

In July 2006, the plaintiff sought a position as an Asylum Officer with the United States Department of Homeland Security, U.S. Citizenship and Immigration Services ("USCIS"). An

---

[1] Also pending before the Court are the separately filed motions to dismiss of Defendants Tim Webb (Docket Entry No. 41), David Fox (Docket Entry No. 43), and Tom Horne (Docket Entry No. 63). The Court will address these motions by a separately entered Report and Recommendation.

2

investigation into the plaintiff's background was subsequently conducted by the Office of Personnel Management ("OPM"). On February 9, 2007, the plaintiff was informed by a letter from the USCIS that the investigation revealed incidents of misconduct or negligence on her part at two of her prior employers, Ford & Associates and the Metro-Nashville Public Schools, and that these incidents raised serious questions about her suitability for the Asylum Officer position. See Motion to Dismiss, at Exhibit No. 1 (Docket Entry No. 14-1). By letter dated April 5, 2007, the plaintiff was formally notified that her tentative selection as an Asylum Officer was rescinded. Id. at Exhibit No. 2 (Docket Entry No. 14-2).

The plaintiff appealed the decision to the United States Merit Systems Protection Board ("MSPB"), and on August 23, 2007, an administrative law judge for the MSPB found that the negative suitability determination made by the USCIS was supported by the evidence. Id. at Exhibit No. 3 (Docket Entry No. 14-3). The plaintiff thereafter filed a petition for review of this decision by the full MSPB. Id. at Exhibit No. 4 (Docket Entry No. 14-4). On December 14, 2007, the MSPB issued a Final Order denying the petition and deeming the decision of the administrative law judge to be the final decision. Id. at Exhibit No. 5 (Docket Entry No. 14-5). The plaintiff then filed a Notice of Appeal with the Equal Employment Opportunity Commission ("EEOC"). On February 7, 2008, the EEOC's Office of Federal Operations issued a decision concurring with the MSPB's final decision and notifying the plaintiff of her right to file a civil action. Id. at Exhibit No. 6 (Docket Entry No. 14-6).

On April 7, 2008, the plaintiff filed this pro se action against numerous federal defendants[2] alleging that she was the victim of unlawful discrimination because of her religion. She asserts that she is an evangelical conservative Christian and that the negative assessment she received "is due

---

[2] In her complaint and first amended complaint, the plaintiff named fourteen officials of nine federal departments and agencies as defendants. By Order entered April 22, 2008 (Docket Entry No. 9), the Court found that the plaintiff intended to name individual defendants, not the federal departments and agencies themselves. Because a majority of the individual defendants were agency heads for the respective federal agencies and were removed subsequent to the 2008 election, the current department and agency heads have been substituted in their place. See Order entered February 3, 2009 (Docket Entry No. 66).

3

to religious bias, which permeates the assessment tools used by and, held by those making the determinations on and evaluating her information." See Complaint (Docket Entry No. 1), at 4. The plaintiff sets out two specific claims.

The first claim is that the defendants "practice constitutionally prohibited discrimination based on Religion in their hiring process." Id. In support of this claim, the plaintiff makes factual allegations concerning: 1) a federal job she had as a summer law clerk for the Internal Revenue Service in 1986, a job at which she contends she was mistreated; 2) a federal job with the U.S. Department of Patent and Trademark, a job for which she applied in 1989 but alleges that she was wrongfully denied; and 3) "hundreds of positions with the Federal government" for which she alleges she unsuccessfully applied. See Complaint, Claim I at ¶¶ 7-46.

The plaintiff's second claim is that the defendants "practice constitutionally prohibited discrimination based on Religion in its background investigation." See Complaint, at 11. The plaintiff alleges that she honestly and completely filled out all forms given to her for the position of Asylum Officer but that the "assessment tools" used by the defendants are biased and prejudicial against her due to her religious beliefs and that the assessment of the events that occurred in her life showed disrespect for her character. See Complaint, Claim II, at ¶¶ 1 and 4-5. Further, she disputes the accuracy of the events related to her prior employment which formed the basis for the determination that she was unsuitable for the Asylum Officer position, contends that the documents she submitted to rebut the determination were grossly mis-read and that she was denied the benefit of the doubt and a rational interpretation of the documents, and that the handling of her case "shows tremendous bias and one-sided vision . . . due to her church involvement and closely held religiously moral, ethical, and political beliefs." Id. at ¶¶ 2-3 and 7-8.

In her original complaint, the only basis asserted for federal jurisdiction was that the plaintiff "takes this appeal pursuant to 5 U.S.C. § 7703." See Complaint, at 3. In a second amended

4

complaint,[3] the plaintiff states that her two claims are brought pursuant to 5 U.S.C. § 7702. See Docket Entry No. 50, at 47 and 49.

In addition to the two employment claims set out in the original complaint, the plaintiff, in her first and second amended complaints, also pursues a qui tam action as a relator on behalf of the United States of America by asserting claims under the False Claims Act, 31 U.S.C. §§ 3729 et seq., against: Tom Horne, the Superintendent of the Arizona Department of Education; Larry Wallen, the Superintendent of the Pinion Unified School System; Tim Webb, the Commissioner of the Tennessee Department of Education; and David Fox, Chairman of the Nashville Metropolitan School System.[4] See First Amended Complaint (Docket Entry No. 6) and Second Amended Complaint (Docket Entry No. 50). The plaintiff asserts that she was a schoolteacher within the aforementioned school systems and she makes allegations of numerous incidents that occurred during her time as a schoolteacher which she contends are examples of improper, harmful, and wrongful conduct on the part of other teachers, students, and/or administrators. See Second Amendment Complaint, at Claim I, ¶¶ 1-257. Based upon these events, the plaintiff contends that the defendants:

> have fraudulently and knowingly used federal funding distributed to improve a state's educational systems for immoral, illegal purposes which purposes now rise to a risk of this nation's national security

see Second Amended Complaint, at 2, and:

> have knowingly and intentionally accepted moneys from the federal government which they knew would not be used to promote the constitutional objectives of the compulsory education system, but which they knew would be used to the contrary, to promote anti social behavior, non democratic principles and fail for a substantial number of students to educate them to a level where they would not be burden to the

---

[3] By Order entered January 5, 2009 (Docket Entry No. 60), the Court granted the plaintiff's motion (Docket Entry No. 48) to amend her complaint a second time.

[4] The plaintiff's first amended complaint and the caption of her second amended complaint also list several other defendants: the Pinion Unified School System Board; as well as George Thompson, III, Jo Ann Brannon, Mark North, Steve Glover, Gracie Porter, Karen Y. Johnson, Edward Kindall, and Marsha Warden. However, in the body of her second amended complaint, the plaintiff clearly indicates that she is pursuing this claim against only the four heads of the respective educational entities. See Docket Entry No. 50, at 2.

5

state. Further, these schools do not restrict or even control, but promote sexual promiscuity, drug abuse, gang activity and other wanton reckless behavior such as lying, cheating and theft. Experiences and habits learned in these schools are sending more and more graduating students on a spiraling downward collision course with our governmental programs. This growing cadre of sociopaths is taxing our current social, employment and penal institutions to the point where the very school systems themselves pose a threat to our national security.

Id. at 8-9.

## II. MOTION TO DISMISS OF THE FEDERAL DEFENDANTS
**(Docket Entry No. 13)**

The plaintiff's claims against the federal defendants involve only her two claims of an unlawful employment action. The federal defendants' first argument for dismissal is that the action should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The defendants argue that the plaintiff seeks only judicial review of the MSPB decision under 5 U.S.C. § 7703 and that the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over such an appeal.

The Court is not persuaded by this argument. In her second amended complaint, the plaintiff clarifies that her claims are brought pursuant to 5 U.S.C. § 7702, and that she does not only seek an appeal from the decision of the MSPB under 5 U.S.C. § 7703. See Docket Entry No. 50, at 47 and 49. Review of the plaintiff's allegations shows that she presents a mixed case in that she alleges that she suffered from an adverse agency action appealable to the MSPB and that the action was also based on unlawful[5] discrimination. See Valentine-Johnson v. Roche, 386 F.3d 800, 802 and 805 (6th Cir. 2004). The plaintiff's appeals to the MSPB and the EEOC were also based upon mixed case allegations, and her allegations of unlawful discrimination were addressed and rejected by the MSPB and the EEOC. Accordingly, the Court views the plaintiff as having brought a mixed case

---

[5] It is not clear from the plaintiff's complaint whether she believes the purported religious discrimination to be unlawful because it violates the United States Constitution or because it violates Title VII of the Civil Rights Act of 1964. However, in her motion for partial summary judgment, she indicates that the religious discrimination claims are based upon Title VII. See Docket Entry No. 30, at 1.

6

over which this Court has jurisdiction. The federal defendants' argument that jurisdiction lies exclusively in the United States Court of Appeals for the Federal Circuit because the plaintiff seeks only an appeal under 5 U.S.C. § 7703 and that this action should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is unpersuasive.

The federal defendants' second argument for dismissal is that the plaintiff fails to state a claim upon which relief can be granted and dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. _, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions are required to withstand a motion to dismiss, and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

7

The Court finds that the plaintiff's claims should be dismissed for failure to state claims upon which relief can be granted.[6] Although the plaintiff alleges that she was discriminated against because of her religious views, she offers absolutely no factual allegations which, even if taken as true and viewed in the light most favorable to the plaintiff, support a claim of religious discrimination in either the decision not to hire her for the Asylum Officer position or the background investigation process associated with the position. This conclusion mirrors that of the administrative decisions of the MSPB and the EEOC which held that the plaintiff failed to support her allegation of religious discrimination with any evidence. See Docket Entry No. 14, at Exhibit No. 3 (Docket Entry No. 14-3) and Exhibit No. 6 (Docket Entry No. 14-6).

The only allegations set out by the plaintiff that are directly associated with the Asylum Officer position simply fail to include any facts which support a claim of religious discrimination upon which relief can be granted. See Second Amended Complaint (Docket Entry No. 50), at 56, ¶¶ 47-49 and 56-58, ¶¶ 1-8. The plaintiff asserts that "[a]ssessment tools used by the Defendants . . . are biased and prejudicial against [her] due to her religious beliefs" and that the "handling of [her] case . . . shows tremendous bias and one-sided vision, which she believes, is due to her church involvement and closely held religiously influenced moral, ethical, and political beliefs." Id. at 57-58, ¶¶ 4 and 8. However, these allegations are entirely speculative and conclusory and are not supported by any factual allegations in the complaint. Such allegations simply do not support claims upon which relief can be granted. See Gregory, supra; Chapman v. City of Detroit, 808 F.2d 459 (6th Cir. 1986); Smith v. Rose, 760 F.2d 102 (6th Cir. 1985).

The plaintiff appears to believe that her religious discrimination claims are supported by events alleged to have occurred in 1986 while she worked as a law clerk for the IRS, events related to a position for which she interviewed but was not hired in 1989, and other unspecified jobs for which she submitted applications but for which she was not interviewed or hired. See Amended

---

[6] The plaintiff has not filed a response in opposition to the motion to dismiss, apparently relying upon her own motion for partial summary judgment. See Docket Entry No. 58.

8

Complaint, at 51-56, ¶¶ 7-46. These allegations simply have nothing to do with the Asylum Officer position which is at issue in this case and fail to support her claims that she was denied the Asylum Officer position because of religious discrimination.[7]

To the extent that the plaintiff directly challenges the decision not to hire her for the Asylum Officer position based on grounds other than religious discrimination, she fails to offer any argument or evidence to support such a claim.

### III. PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
### (Docket Entry No. 30)

The plaintiff moves for partial summary judgment on her discrimination claims against the federal defendants, contending that the federal defendants did not file an answer to her complaint within the time permitted and, thus, have failed to affirmatively deny the allegations of her complaint. Accordingly, she argues that there are no genuine issues of material fact which need to be resolved on her claims of religious discrimination and that she should be granted summary judgment on the merits of her claims, with the amount of damages being the only remaining issue to be decided. See Plaintiff's Memorandum in Support (Docket Entry No. 31), at 1-3.

The plaintiff's motion should be denied. The complaint and amended complaint were filed in this action and summons were issued to the federal defendants on April 7, 2008.[8] The federal defendants had sixty (60) days from service of the summons and complaint upon them to respond to the complaint. The federal defendants were served with process between April 14, 2008, and April 24, 2008. See Docket Entry Nos. 19-28. On June 9, 2008, the federal defendants took action

---

[7] To the extent that the plaintiff intends to assert independent religious discrimination claims based upon these events, such claims do not survive dismissal as they are untimely and do not appear to have been administratively exhausted by the plaintiff.

[8] The plaintiff's original complaint was filed in miscellaneous case 3:08-mc-0062, on March 7, 2008, along with an application to proceed in forma pauperis. The application was denied by Order entered March 17, 2008, and the plaintiff was given twenty (20) days to pay the filing fee. On April 7, 2008, the plaintiff tendered the filing fee and filed an amended complaint. Both the original complaint and amended complaint were docketed in the instant civil action on that date.

9

to defend the claims brought against them when they filed their pending motion to dismiss. See Docket Entry No. 13.

Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, the filing of the motion to dismiss, which was clearly filed within the sixty (60) day time period, extends the time for filing the federal defendants' answer until 10 days after any order denying their motion to dismiss. See Wrenn v. Gould, 1987 WL 36949 (6th Cir. April 3, 1987) (unpublished table decision) ("The district court properly denied plaintiff's motion [for partial summary judgment and/or default] because Rule 12(a) clearly states that the time within which a defendant must file its answer is altered and extended when that same defendant moves to dismiss the case under Rule 12(b)(6)."). In light of the federal defendants' filing of a motion to dismiss, the plaintiff's argument that the federal defendants should be deemed to have admitted her factual allegations because they have not filed an answer is meritless.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that:

1) the plaintiff's motion for partial summary judgment (Docket Entry No. 30) be DENIED; and

2) the motion to dismiss (Docket Entry No. 13) filed by the federal defendants be GRANTED and that defendants Paul Prouty, Kathie Whipple, Timothy Geithner, Douglas Shulman, Otto Wolff, John J. Doll, Carltron M. Hadden, Neil Anthony Gordon McPhie, Mary M. Rose, Barbara J. Spain, Janet Natolitano, D.N. Esposito, Pauline Bergeron, and Eric Holder be DISMISSED from this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the

10

right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

          Respectfully submitted,

          */s/ Juliet Griffin*
          JULIET GRIFFIN
          United States Magistrate Judge

11